FILED

2007 Apr-24  PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER S. AND BOBBIE J. STAFFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:  5:06-CV-1107-VEH** |
| ) | |
| **CITIFINANCIAL CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiffs Bobbie J. Stafford and Christopher S. Stafford (the "Staffords") originally filed this case in the Circuit Court of Madison County on April 20, 2006. (Doc. #1 at Compl.).  Defendant CitiFinancial Corporation, LLC ("CitiFinancial") removed the litigation to this court on June 7, 2006.  (Doc. #1).  The Staffords' claims include Count One for breach of contract, Count Two for breach of fiduciary duty, and Count Three for negligence.  (*See generally* Doc. #1 at Compl.).  Pending before the court is CitiFinancial's Motion for Summary Judgment (Doc. #9) filed on March 21, 2007.

This case arises out of an automobile loan that was taken out by the Staffords

and discharged pursuant to a Chapter 13 bankruptcy case that closed on December 8, 1999. (Doc. #1 at Compl. ¶¶ 7-8; Doc. #9 at Ex. B at Ex. 5). In their complaint, the Staffords allege that CitiFinancial improperly reported the automobile loan as a "charge-off." (Doc. #1 at Compl. ¶¶ 12-13). Upon consideration of the record and the relevant law, the court concludes that CitiFinancial's Motion for Summary Judgment is due to be granted, and that the Staffords' complaint is due to be dismissed with prejudice.

## II.    ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

When a motion for summary judgment is made and supported as

> provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

More specifically regarding a nonmovant's failure to oppose summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

At the very least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.* (citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st

3

Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")).  The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response.  *Hibernia Nat'l Bank*, 776 F.3d at 1279 (citing *John v. State of Louisiana*, 757 F.2d  698, 708 (5th Cir. 1985)).  However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Celotex*, 477 U.S. 317(1986)).

> **A.    Procedurally, the Staffords have failed to respond to CitiFinancial's Motion for Summary Judgment.**

Applying the above standards to this case, the court concludes that CitiFinancial has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a  matter of law.  The Staffords have not come forward with any evidence in response to CitiFinancial's initial showing on summary judgment.  Moreover, pursuant to the court's Uniform Initial Order (Doc. #6) entered

on July 3, 2006, the deadline for the Staffords to file their written opposition to summary judgment was April 11, 2007.  (*See* Doc. #6 at Appendix II at 1 ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.")).

Moreover, the Staffords have not sought relief to extend their deadline to respond to summary judgment.  Therefore, from a procedural standpoint, the Staffords have failed to meet their burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324.

### B. Substantively, CitiFinancial's Motion for Summary Judgment is well-founded and due to be granted.

Additionally, the evidentiary record demonstrates that summary judgment in favor of CitiFinancial is appropriate because CitiFinancial has carried its burden of demonstrating the absence of any material factual dispute and an entitlement to judgment as a matter of law.  More specifically and as summarized below, CitiFinancial has affirmatively shown that the Staffords' claims for breach of fiduciary duty, negligence, and  breach of contract, are all time-barred as a result of the applicable statute of limitations.  The Staffords' breach of contract claim also fails because they are unable to show a breach of any term of the subject loan agreement

as a result of the reporting of the debt as a "charge-off."

### 1.   Breach of Fiduciary Duty and Negligence

The Staffords acknowledge having received notice of the reported "charge-off" no later than November 17, 2003.  (Doc. #9 at Ex. B at 90-91).  A two (2)-year statute of limitations applies to the Staffords' breach of fiduciary duty and negligence claims. Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").  Therefore, for these claims to be timely, the Staffords would have had to file their lawsuit no later than  November 17, 2005.  Instead and as mentioned above, the Staffords did not file their case until April 20, 2006. Accordingly, the Staffords' breach of fiduciary duty and negligence claims are due to be dismissed as untimely.

### 2.   Breach of Contract

The Staffords' claim for breach of contract is similarly stale.  Under Alabama law, a six (6)-year statute of limitations applies to breach of contract claims.  Ala. Code § 6-2-34 ("The following must be commenced within six years: . . . (9) Actions upon any simple contract or speciality not specifically enumerated in this section."). The Staffords' breach of contract claim would have arisen on December 8, 1999, the date upon which the debt was discharged through bankruptcy.  Therefore, the

Staffords should have commenced their breach of contract claim no later than December 8, 2005. Accordingly, because their lawsuit was not filed until April 20, 2006, the Staffords breach of contract claim is also due to be dismissed as untimely.

Alternatively, as it relates to the Stafford's breach of contract claim, the undisputed evidence demonstrates that neither CitiFinancial, nor its predecessor under the loan, AVCO Financial Services Company of Alabama, Inc., breached any term of the loan agreement through the manner in which the debt of the Staffords was reported. Therefore, CitiFinancial has shown it is entitled to judgment as a matter of law on the Staffords' breach of contract claim because of this additional basis.

## III.   CONCLUSION

As analyzed above, CitiFinancial has met its burden on summary judgment of demonstrating the absence of any material factual dispute and entitlement to judgment as a matter of law. Accordingly, CitiFinancial's Motion for Summary Judgment is due to be granted, and the Staffords' complaint is due to be dismissed with prejudice.

In sum, all of the Staffords' claims are time-barred. Additionally, the Staffords' contract claim is not actionable because of their failure to show any breach of the loan agreement. The court will enter a separate order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 24th day of April, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge